Haluk Savci, Esq.
Mason Tender District Council
520 8th Avenue, Suite 650
New York, N.Y. 10018
(212) 452-9407
Attorney for Petitioners

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
TRUSTEES FOR THE MASON TENDERS       :
DISTRICT COUNCIL WELFARE FUND,       :
PENSION FUND, ANNUITY FUND, and      :
TRAINING PROGRAM FUND, and ANNA      :
GUTSIN, in her fiduciary capacity as Director, :
                                     :
         and                         :            Civil Action No.
                                     :
MICHAEL PROHASKA as Business Manager :
of the MASON TENDERS DISTRICT COUNCIL :           ECF CASE
OF GREATER NEW YORK,                 :
         Petitioners,                :
                                     :            **PETITION TO CONFIRM**
         -against-                   :            **ARBITRATION AWARD**
                                     :
HILT CONSTRUCTION, INC.              :
                                     :
         Respondent.                 :
------------------------------------------------------------ x

The Trustees for the Mason Tenders District Council Welfare Funds, Pension Fund, Annuity Fund and Training Program Fund (hereinafter the "Funds") and the Mason Tenders District Council of Greater New York (the "Union" or "MTDC") which both have their principal place of business at 520 8th Avenue, Suite 600 and 650, New York, NY 10018, hereby bring the following allegations against Hilt Construction, Inc. (the "Respondent" or "Hilt Construction"), which maintains its principal place of business at 120 Old Camplain RD, Hillsborough, NJ 08844. This petition is brought pursuant to Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 to confirm and enforce an arbitration award (the "Award")

issued by Arbitrator Joseph Harris on December 24, 2022 (attached hereto as Exhibit 1) in accordance with the grievance and arbitration terms set forth in a collective bargaining agreement and the written terms of the legally-established jointly trusteed Trust Agreements to which the Respondent is bound. The Petition arises from the failure of the Respondent to timely pay all monies owed pursuant to the Award. The Funds and the MTDC seek a judgment confirming the Award and ordering the Respondent to pay the Funds $97,174.85 in delinquent fringe contributions, dues & PAC contributions, current interest, liquidated damages, attorney fees, and arbitration costs.

## THE PARTIES

1. Petitioners are the Trustees of the Mason Tenders District Council Welfare, Annuity, Pension and Training Program Funds. These Funds are "employee benefit plan[s]" as defined in Section 3 (3) of ERISA, 29 U.S.C. § 1002(3) and "multiemployer plan[s]" within the meaning of Section 3 (37)(A) of ERISA, 29 U.S.C. § 1002(37)(A). Each Fund is established and maintained pursuant to an Amended and Restated Agreement and Declaration of Trust (the "Benefit Plan Trust Agreement" and the "Pension Fund Trust Agreement", collectively, the "Trust Agreements"). The Plans are each jointly administered by a Board of Trustees made up of union and employer representatives pursuant to the requirements of Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The purpose of the Funds, among other things, is to provide fringe benefits to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers in the building and construction industry and the union. The Funds maintain their

principal place of business at 520 8th Avenue, Suite 600, New York, NY 10018. Anna Gutsin is the Director of the Funds.

2.     The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employers in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its principal place of business at 520 8th Avenue, Suite 650, New York, NY 10018. Petitioner the MTDC is a "labor organization" within the meaning of 29 U.S.C. § 152(5). The MTDC maintains its principal place of business within this judicial district, at 520 8th Avenue, Suite 650, New York, NY 10018.

3.     Michael Prohaska is the Business Manager of the MTDC.

4.     Respondent is an "employer" in an industry affecting commerce within the meaning of 29 U.S.C. § 152(2). Hilt Construction is located at 120 Old Camplain RD, Hillsborough, NJ 08844.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action under Section 301 of the LMRA, 29 U.S.C. § 185, and 28 U.S.C. § 1331 and § 1337.

6.     Venue lies in this judicial district under Section 301 of the LMRA, 29 U.S.C. § 185, because on information and belief the Respondent transacts business in this judicial district. Venue lies in this judicial district under 28 U.S.C. § 1391(b), because the Funds and MTDC maintain offices in this judicial district and the arbitration proceeding was convened in this judicial district.

## STATEMENT OF FACTS

7. At all relevant times Hilt Construction was party to the Project Labor Agreement Covering Specified Construction Under the Capital Improvement Program On Behalf of the New York City School Construction Authority (the "SCA PLA"), . The Union is a party to the PLA agreement as a member of the BCTC.

8. The SCA PLA at Article 11, Section 2(b) specifies that that an Employer covered under the PLA "agree[s] to and shall be bound by all terms and conditions of the Trust Agreements." The PLA and the Trust Agreements require Respondent to pay contributions to the Funds for all employees covered by the PLA at the rates set forth therein. In addition to contributions owed the Funds at the rate set forth therein, pursuant to the PLA and Trust Agreements, the Funds have been designated as the authorized collection agent for contributions due to the New York State Laborers Employer Cooperation and Education Trust Fund, New York Laborers Health and Safety Trust Fund and Greater New York Laborers – Employers Cooperation and Education Trust Fund and the Mason Tenders District Council Political Action Committee for dues and contributions respectively which are voluntarily authorized by employees on forms provided for that purpose by the Union.

9. The Trust Agreements to which a PLA signatory has specifically agreed to be bound to the written terms permit the Trustees of the Plans to take any legal action for the purpose of collecting the unpaid benefits from an employer including the commencement of arbitration proceedings against delinquent employers to seek allegedly delinquent contributions.

10. The Trust Agreements provide that in the event legal action is taken, the Employer is responsible for:

    a.    unpaid contributions;

  b.  interest on unpaid contributions determined by using the rate prescribed under 26 U.S.C. § 6621;

  c.  an amount equal to the aforesaid interest on the unpaid contributions as and for liquidated damages;

  d.  reasonable attorneys' fees and costs of the action;

  e.  such other legal or equitable relief as the court deems appropriate.

11. The PLA further provides that the Respondent agrees to and shall be bound by all terms and conditions of the Trust Agreements, regulations or By-Laws adopted by the Funds' Trustees and any amendments to Trust Fund Agreements.

12. Respondent is an "Employer" as defined by the Trust Agreements. It is bound to the terms and provisions of the Trust Agreements, the Respondent's contributions to the Plans, and acceptance of the Plans' coverage for its employees. The Trust Agreements require that participating employers pay contributions monthly no later than the due dates set forth in the PLA and in all instances no later than the fifteenth (15th) day of the month following the month for which they are due as provided in the Agreement.

13. The Trust Agreements further provide the Trustees have the power to demand, collect and receive Employer contributions and are authorized to take steps, including the institution of legal or administrative proceedings, to collect delinquent contributions including initiating arbitration proceedings against delinquent employers.

14. In addition, pursuant to the Trust Agreements, in any legal action for unpaid contributions commenced by the Trust Fund, the Employer shall pay to the Funds all unpaid contributions due and payable, interest on such unpaid contributions, interest on the unpaid contributions as and for liquidated damages and all attorney's fees and costs of the action.

15. Under duly adopted amendments to the Trust Agreements for the Welfare, Pension, and Annuity Funds, if an Employer becomes delinquent in the payment of contributions to the Funds, the Trustees have the option of commencing a proceeding to enforce the Employer's obligations through arbitration before one of a panel of two designated arbitrators.

16. A dispute arose concerning the Respondent's failure to meet obligations to make fringe benefit and other contributions to the Trust Funds pursuant to its PLA and the relevant Trust Agreements for the period of March 26, 2018 through December 29, 2019 as based on an examination of the Respondent's books and records conducted by Funds auditors. A further dispute arose concerning the Respondent's failure to remit payments on interest generated from late payments for the period June 1, 2018 through December 31, 2018

17. Pursuant to the PLA and the Trust Agreements, the Funds on or around October 22, 2021 referred the disputes to Arbitrator Joseph Harris for arbitration, who by letter to the Respondent dated October 27, 2021 scheduled a hearing for November 22, 2021.

18. The hearing was duly conducted on November 22, 2021. No one appeared on behalf of the Respondent. The Funds submitted evidence in support of its claims including a books and records examination conducted by Funds auditors indicating that for the period March 26, 2018 through December 29, 2019 the Respondent owed $62,233.83 in delinquent fringe benefit contributions, $4,538.92 in dues & PAC contributions, $8,298.53 in current interest, and $9,127.63 in audit fees for the books and records examination. The funds introduced further evidence that the Respondent owed $2,977.41 in interest generated from late payments for the period June 1, 2018 through December 31, 2018.

19. On December 24, 2021 Arbitrator Harris issued his Award ordering Respondent to pay the Funds a total of $97,174.85 comprising delinquent fringe benefit contributions, dues and

PAC contributions, current interest, liquidated damages, audit costs, attorney fees, arbitration costs, and interest generated from late payments.

20. Since the issuance of the Award, no payments have been submitted against the Award by Hilt Construction or any other party.

21. Petitioners pray for an Order confirming and enforcing the Award in its entirety and directing entry of Judgment against Hilt Construction in favor of the Union and the Funds in the amount of $97,174.85 with statutory interest to accrue from the date of the entry of Judgment.

Dated: December 22, 2022
New York, NY

By: _____
Haluk Savci, Esq.
Mason Tender District Council
520 8th Avenue, Suite 650
New York, N.Y. 10018
(212)452-9407
hsavci@masontenders.org