UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
TRUSTEES FOR THE MASON TENDERS :
DISTRICT COUNCIL WELFARE FUND, :
PENSION FUND, ANNUITY FUND, and :
TRAINING PROGRAM FUND, and ANNA :
GUTSIN, in her capacity as Director, :
 :
      and : Civil Action
 : No.  22-10824(LGS)
MICHAEL PROHASKA, as Business Manager :
of the MASON TENDERS DISTRICT COUNCIL : ECF CASE
OF GREATER NEW YORK, :
      Petitioners, :
 :
-against- :
 :
HILT CONSTRUCTION, INC, :
      Respondent. :
------------------------------------------------------------ x

## **MEMORANDUM OF LAW IN SUPPORT OF PETITION SEEKING CONFIRMATION AND ENFORCEMENT**

Haluk Savci, Esq.
Mason Tender District Council
520 8th Avenue, Suite 650
New York, N.Y. 10018
(212) 452-9407
hsavci@masontenders.org
Counsel to Petitioners

1

## CITATIONS

| | |
|---|---|
| *Abondolo v. H&M.S. Meat Corp.*, 07 Civ. 3870(RJS)2008 WL 2047612 at *3(S.D.N.Y, May 12, 2008) | 8 |
| *Associated Musicians of Greater NY, Local 802 v. Vanjo Productions and Charlie West*, 06 CV 7003(RLC)(JCF) | 7 |
| *Pension and Retirement Fund v. Boening Brothers, Inc.*, 891 F. Supp. 81, 86(N.D.N.Y. 1995) *aff'd*, 92 F.3d 127(2d Cir. 1996) | 6 |
| *D.H. Blair v. Gottdiener*, 462 F.3d 95, 109,110 (2d Cir. 2006) | 5,6 |
| *Dodge Hyundai of Paramus v. United Welfare Fund*, 11-CV-979(ARR)(EDNY Sept. 16, 2011) | 7 |
| *Nat'l Union Fire Ins. Co. v. Odyssey Am. Reinsurance Corp.*, 2009 U.S. Dist. LEXIS 108318 (S.D.N.Y. 2009) | 5 |
| *N.Y.C. Dist. Council of Carpenters Pension Fund v. Carroll*, No. 09 Civ. 3207 (WHP), 2010 WL 3199673 at * 1 (S.D.N.Y. Aug 12, 2010) | 5 |
| *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865(DLC),2011 WL 6778499. | 6 |
| *Teamsters Employer Local 945 Pension Fund v. Acme Sanitation Corp.* 963 F. Supp. 340, 348-9 | 6 |
| *United Bhd. Carpenters & Joiners of Am. v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 274 (2d Cir. 2015) | 5 |
| *Willemijn Houdstermaatschappij, BV v.Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997). | 6 |

## STATUTES

29 U.S.C. Section 185

## PRELIMINARY STATEMENT

The Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund (hereinafter "the Funds") and Michael Prohaska, as Business Manager of the Mason Tenders District Council of Greater New York and Long Island ("MTDC" or the "Union")) (hereinafter collectively the "Petitioners") submit this memorandum of law in their action brought under 29 U.S.C. Section 185 to confirm and enforce the December 24, 2021 opinion and default arbitration award (the "Award") issued by arbitrator Joseph Harris in favor of Petitioners, against Hilt Construction, Inc. ("Hilt" or "Respondent") ordering Respondent to pay Petitioner Union trust funds a total of $97,174.85 in delinquent fringe benefit contributions and other monies covering the period March 26, 2018 through December 29, 2019 as based on a books and records examination of Respondent by Petitioners' Union Trust Fund auditors. As detailed below, there exists no question of fact in the underlying record that would prevent the Court's summary confirmation and enforcement of the Award in its entirety and entering judgement against Respondent in favor of Petitioners in the outstanding amount due under the Award totaling $97,174.85.

## FACTUAL SUMMARY

This action arose following Respondent's failure to pay benefit contributions, union dues and political action committee contributions on behalf of its employee performing covered work under a Project Labor Agreement negotiated between the Building and Construction Trades Council of Greater New York ("BCTC") (and of which the Union is a member) and the New York City School Construction Authority ("SCA"). Declaration of Haluk Savci at ¶¶ 7-0. Hilt was a signatory to the Project Labor Agreements performing project work pursuant to their terms

3

and conditions. *Id.* The SCA Project Labor Agreement ( "SCA PLA") among other things requires signatory contractors to make benefit fund contributions on behalf of its employees who perform work covered under the agreement. *Id.* at ¶¶ 7 -11. Moreover, the PLA binds employers like Respondent to the written terms and conditions of the Funds' Trust Agreements for covered work. The Funds' Agreements specify that the Trustees have the power to elect to initiate arbitration proceedings to collect allegedly delinquent fringe benefit contributions. *Id.* at ¶¶ 11-16.

On October 22, 2021 the Funds forwarded a notice of demand for arbitration to Respondent by certified mail. *Id.* at ¶ 19 The arbitrator then on October 27 forwarded to all parties a notice scheduling the matter for a hearing on November 22, 2021. *Id.* The arbitrator convened the hearing on November 22 with no representative appearing for Respondent *Id.* at ¶ 20. After finding that Respondent had received sufficient notice of the matter, he proceeded with the hearing as a default matter. The Funds submitted evidence in support of their claim including the summary report of the Funds' auditors completed after a book and records examination documenting hours worked by Respondent's employees on PLA-covered jobsites for which corresponding benefit and other payments were not made to the Funds as required. *Id.* at ¶ 21. Based on this record, Arbitrator Harris issued his Award on December 24, 2021,finding that Respondent had failed to make the requisite payments to the Funds and ordered Respondent to pay the Funds a total amount of $97,174.85 comprising $62,233.83 in delinquent contributions, $4,538.92 in dues and PAC contributions, $8,298.53 current interest, $8,298.53 in liquidated damages and $9,127.63 in audit costs for the audit period. The arbitrator also found Hilt also owed $2,977.41 in interest on late contributions that were made to the Funds from June 1 through December 31, 2018 through August 31, 2018 as well as attorney fees of $500.00 and

4

arbitration costs of $1,200.00. *Id.* at ¶ 22. No payments have been received against the Award. *Id.* at ¶ 23.

## JURISDICTION AND VENUE

Plaintiffs invoke jurisdiction of this Court pursuant to 28 U.S.C. § 1331, Section 301 of the LMRA, 29 U.S.C. § 185. Venue lies in this district pursuant to Section 301 of the LMRA, 29 U.S.C. §185 because Respondent transacted business in this judicial district and Petitioners maintained their office in this judicial district. Venue also lied in this judicial district under 28 U.S.C. §1391(b) because the events giving rise to this action occurred in this judicial district, including the arbitration hearing. *Id.* at ¶¶ 2-7,10.

## LEGAL ARGUMENT

"Because '[a]rbitration awards are not self-enforcing,' they must be given force and effect by being converted to judicial orders by courts; these orders can confirm and/or vacate the award, either in whole or in part." . " *D.H. Blair v. Gottdiener*, 462 F.3d 95, 109,110 (2d Cir. 2006). Where the respondent fails to respond or appear, a petition to confirm an arbitration award and any accompanying submissions are "treated as akin to [an unopposed] motion for summary judgment." *D.H. Blair v. Gottdiener*, 462 F.3d 95, 109,110 (2d Cir. 2006); *see also N.Y.C. Dist. Council of Carpenters Pension Fund v. Carroll*, No. 09 Civ. 3207 (WHP), 2010 WL 3199673 at * 1 (S.D.N.Y. Aug 12, 2010). To prevail on such a motion, the movant "show[]that there is no genuine issue dispute as to any material fact and the movant is entitled to judgement as matter of law." Fed. R. Civ. P. 56(a). In making this determination, the Court must view all facts in the light arbitration awards are entitled to extreme deference. As the Second Circuit explained in *United Bhd. Carpenters & Joiners of Am. v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 274 (2d Cir. 2015):

> A court's review of an arbitration award is . . . severely limited so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation. As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision. Under our heightened standard of deference, vacatur for manifest disregard of a commercial contract is appropriate only if the arbitral award contradicts an express and unambiguous term of the contract or if the award so far departs from the terms of the agreement that it is not even arguably derived from the contract.

Review of an arbitral award by a district court "is 'severely limited' so as not to unduly frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865(DLC),2011 WL 6778499 at *2 (quoting *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997). The same principles apply in cases involving a party to an arbitration seeking to upset the result by complaining about the adequacy of the arbitral process. In such cases, the arbitrator's actions must rise to the level of "misconduct" which "amount[s] to a denial of fundamental fairness of the arbitration proceeding." *Nat'l Union Fire Ins. Co. v. Odyssey Am. Reinsurance Corp.*, 2009 U.S. Dist. LEXIS 108318 (S.D.N.Y. 2009); *see also* Federal Arbitration Act ("FAA"), 9 U.S.C. Sec. 10(3). Accordingly,"[t]he arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of a case." *D.H Blair*, 462 F. 3d at 110 (citations and internal quotation omitted). Confirming an award requires "[o]nly a barely colorable justification for the outcome reached." *Id.* 110 (citations and internal quotation omitted)

Here, there exists no genuine issue as to any material fact. The arbitrator's award was well-supported by the record. The applicable collective bargaining agreement, in this case the agency PLA, bound Respondent to Trust Funds agreement and the rules and procedures adopted

6

by the Trust Fund to specifically elect to pursue arbitration in matters involving employers' alleged failure to make requisite payments to the Funds. *See Teamsters Employer Local 945 Pension Fund v. Acme Sanitation Corp.* 963 F. Supp. 340, 348-9 (in a situation where the CBA did not specifically incorporate language binding employer to future amendment to the Trust Agreements (unlike here), the Court nevertheless upheld a resolution of Trustees of Union Fund permitting delinquency matters to be submitted to arbitration based on the broad powers granted to Trustees as fiduciaries to collect delinquent contributions) *citing Pension and Retirement Fund v. Boening Brothers, Inc.,* 891 F. Supp. 81, 86(N.D.N.Y. 1995) *aff'd*, 92 F.3d 127(2d Cir. 1996); *See Dodge Hyundai of Paramus v. United Welfare Fund*, 11-CV-979(ARR)(EDNY Sept. 16, 2011)(Court finds that the terms of the Trust Agreement to which employer assented it was bound evidenced a clear and unambiguous agreement to arbitrate delinquent contribution disputes by explicitly granting the Funds the right to initiate arbitration proceedings to collect delinquent contributions).

After noticing Respondent of the arbitration proceedings by certified mail, the Funds properly submitted the matter to arbitration. The arbitrator noticed all parties holding a hearing attended by representatives of the Respondent. The Funds submitted evidence in support of its claims for monies owed including summary reports following a books and records examination of Respondent which evidenced program PLA hours worked by Respondent's employees for which corresponding benefit contributions were not made to the Funds as required. The arbitrator crediting this unrebutted evidence properly found in favor of the Funds ordering Respondent to pay the Funds not only the delinquent contributions, dues and PAC and interest, but also liquidated damages, attorney fees and arbitration costs – amounts all allowed under the Trust Agreement and the arbitration rules adopted by the Funds' Trustees.

The total amount of the Award is readily ascertainable from the pleadings and the record and suitable for entry of default judgment without inquest. *See Associated Musicians of Greater NY, Local 802 v. Vanjo Productions and Charlie West*, 06 CV 7003(RLC)(JCF) *citing Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)(An inquest is not required where the amount of damages "is liquidated or susceptible of mathematical calculation."); *See Abondolo v. H&M.S. Meat Corp.*, 07 Civ. 3870(RJS)2008 WL 2047612 at *3(S.D.N.Y, May 12, 2008).

## CONCLUSION

There exist no material issues of fact in dispute with respect to Petitioners' request for confirmation and enforcement of the Award. The Funds have demonstrated that Award is justified and respectfully request the Court grant its motion for default judgment against Respondent in favor of Petitioners in the amount of the outstanding balance due under the Award or $97,174.85 with interest to accrue at the statutory rate on the judgment amount.

Dated: New York, NY  
April 21, 2023

Respectfully submitted,  
/s/  
By: Haluk Savci, Esq.  
Counsel for Plaintiffs  
Associate General Counsel  
Mason Tenders District  
Council of Greater NY  
520 Eighth Avenue, Suite 650  
New York, NY 10018