UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                                              :
TRUSTEES FOR THE MASON TENDERS      :    22 Civ. 10824 (LGS)
DISTRICT COUNCIL WELFARE FUND,      :
PENSION FUND, ANNUITY FUND AND    :    **OPINION AND ORDER**
TRAINING PROGRAM FUND, et al.,        :
                                          Petitioners,   :
                                                                     :
                         -against-                          :
                                                                        :
HILT CONSTRUCTION, INC.,                :
                                            Respondent.  :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       In this action, Petitioners Trustees (the "Trustees") of the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund (collectively, the "Funds") and the Mason Tenders District Council of New York (the "Union") petition for confirmation of a favorable arbitration award issued on December 24, 2022 (the "Award"). Respondent Hilt Construction, Inc. has not appeared in this action and did not oppose the Petition. For the following reasons, the Petition is granted.

**I.    BACKGROUND**

       The following facts are taken from the Petition, the sworn declaration of Petitioners' counsel and the exhibits attached to the declaration, including the Award. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) ("[G]enerally a district court should treat an unanswered . . . petition to confirm . . . as an unopposed motion for summary judgment."); *accord Hillebrandt v. NYLife Secs. LLC*, No. 22 Civ. 9702, 2023 WL 2754304, at *2 (S.D.N.Y. Apr. 3, 2023).

       Petitioners are the Union and the Trustees. The Union is a labor union, which is the certified bargaining representative for certain employees of Respondent Hilt Construction, Inc., a

construction contractor.  The Trustees are trustees for the Funds, which are four multi-employer trust funds.  The Funds are organized and operated in accordance with the Employee Retirement Income Security Act of 1974, Pub. L. No. 93-406, 88 Stat. 829 (codified as amended at 29 U.S.C. §§ 1001-1461 and in various sections of Titles 5, 18 and 26 of the U.S.C.).

The Union and Respondent are parties to the Project Labor Agreement Covering Specified Union Construction Under the Capital Improvement Project On Behalf of the New York City School Construction Authority (the "PLA").  Respondent originally entered into the PLA on or about May 11, 2010.  The PLA requires that signatory employers, including Respondent, make contributions for all employees covered by the PLA to jointly trusted employee benefit funds at rates prescribed in the PLA.  When an employer is delinquent in making its required contributions, the PLA allows an employee representative to initiate arbitration proceedings to collect these past due contributions.  If an arbitration proceeding is commenced and a party fails to appear after due notice, the hearing may proceed in that party's absence.  In such event, "the award of the Neutral Arbitrator shall be based solely on the evidence presented by the appearing party."

Upon an examination of Respondent's books and records by the Funds' auditors, a dispute arose concerning Respondent's failure to make fringe benefit and other contributions as required under Article 11, Section 2 (Employee Benefits) of the PLA.  Petitioners initiated arbitration on June 4, 2021.  After one adjournment, a hearing was held on November 22, 2021.  Respondent was provided notice of both hearing dates.  Respondent failed to appear at the hearing.  The arbitrator rendered the Award on December 24, 2021.  The arbitrator found that Respondent had violated the PLA in failing to make required contributions for "delinquent fringe benefits and associated items" and directed Respondent to pay the Funds

2

$97,174.85 comprising delinquent contributions, dues and Political Action Committee contributions, current interest, interest from late payments, liquidated damages, audit fees, attorneys' fees and arbitrator fees.

Upon receipt of the Award, Petitioners demanded payment from Respondent. Respondent did not make any such payments.

On December 22, 2022, Petitioners filed the Petition and commenced this action to enforce the Award pursuant to § 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185. Respondent was served with a Summons on January 12, 2023. Respondent has not appeared or responded to the Petition or Summons.

**II.    DISCUSSION**

    **A.    Confirmation of the Award**

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Assoc'd Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) (citing 29 U.S.C. § 185); *accord Trs. of Dist. Council No. 9 Painting Indus. Ins. Fund v. Madison Painting & Decorating Grp.*, No. 22 Civ. 7688, 2023 WL 3687728, at *2 (S.D.N.Y. May 26, 2023). When such a petition is unopposed, generally a district court should treat the petition to confirm as "an unopposed motion for summary judgment." *Gottdiener*, 462 F.3d at 110; *accord Actors' Equity Ass'n v. Paradise Square Prod. Servs. Inc.*, No. 22 Civ. 7325, 2023 WL 3293577, at *3 (S.D.N.Y. May 5, 2023). Failure to oppose a motion for summary judgement alone does not substantiate the motion, and the district court "must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004);

*accord Dist. Council of N.Y.C. & Vicinity of the United Bhd. of Carpenters & Joiners of Am. v. Prime Contractors, Inc.*, No. 22 Civ. 7085, 2023 WL 3849101, at *3 (S.D.N.Y. June 6, 2023).

Though a summary judgment standard is applied to arbitral confirmation proceedings, a "federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential -- indeed, among the most deferential in the law." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016). Review is limited "only as to whether the arbitrator acted within the scope of his authority" as defined by the contract. *ABM Indus. Grps., LLC v. Int'l Union of Operating Engineers Local 30*, 968 F.3d 158, 161 (2d Cir. 2020). It is not for the court to determine "whether the punishment imposed was most appropriate, or whether we are persuaded by the arbitrator's reasoning . . . [or] how we would have conducted the arbitration proceedings." *Nat'l Football League*, 820 F.3d at 537. "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Bhd. of Carpenters & Joiners of Am. v. Tappan Zee Constructors, L.L.C.*, 804 F.3d 270, 275 (2d Cir. 2015). "It is the arbitrator's construction of the contract and assessment of the facts that are dispositive, 'however good, bad, or ugly.'" *Nat'l Football League*, 820 F.3d at 536 (quoting *Oxford Health Plans, L.L.C. v. Sutter*, 569 U.S. 564, 573 (2013)). An arbitral award should be confirmed despite a court's disagreement on the merits of the arbitration "if there is a barely colorable justification for the outcome reached." *Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir. 2019).

The Award meets this standard. The only relevant question is whether, on the facts as presented by Petitioners, the arbitrator "even arguably constru[ed] or appl[ied] the contract and act[ed] within the scope of his authority" in issuing the Award. *Tappan Zee Constructors,*

*L.L.C.*, 804 F.3d at 275.  The parties consented to arbitrate pursuant to § 9 of the Federal Arbitration Act, 9 U.S.C. § 9.  Because "disputes between the Fund[s] and an Employer involving . . . any claims by the Fund for Delinquent Contributions . . . are referred to arbitration," the arbitrator acted within the scope of his authority in overseeing the proceeding.  In the Award, the arbitrator interpreted the PLA, which requires Respondent to "timely [pay] contributions . . . to those . . . jointly trusted employee benefit funds," to find Respondent owes "delinquent fringe benefits and associated items."  Because the Arbitrator acted within the scope of his authority and construed the PLA, under the deferential standard of review used in arbitration cases, the Award is confirmed.

  **B.**  **Interest**

  In addition to the Award, Petitioners also seek post-judgment interest from the date of judgment in this action at the statutory rate defined in 28 U.S.C. §1961.  The award of post-judgment interest pursuant to § 1961 is "mandatory" and does not "permit of the exercise of judicial discretion."  *Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017).  Section 1961 applies to actions to confirm arbitration.  *See Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100-01 (2d Cir. 2004) (awarding post-judgment interest in an arbitration case); *Dist. Council No. 9 Int'l Union of Painters & Allied Traders v. Future Shock Architectural Metals & Glass*, No. 22 Civ. 2859, 2023 WL 3374560, at *3 (S.D.N.Y. May 11, 2023) (same).  Petitioners' request for interest at the statutory rate prescribed by § 1961, accruing from the date judgment is entered until payment is made, is granted.

### III. CONCLUSION

For the foregoing reasons, the Petition for confirmation of the Award is **GRANTED**. The Funds are entitled to $97,174.85 pursuant to the Award. Interest shall accrue from the date judgment is entered until payment is made at the statutory rate prescribed by 28 U.S.C. § 1961.

The Clerk of Court is respectfully directed to enter judgment in favor of Petitioners and close the case.

Dated: June 30, 2023
      New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**